IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EXACTECH, INC.,

    Petitioner,

v.                                            CASE NO. 1:09-cv-00007-MP-AK

DIAMICRON, INC.,

    Respondent.

_____/

## FINAL JUDGMENT

This matter is before the Court on Doc. 6, Petitioner's motion for default judgment. Exactech, Inc. ("Exactech") initiated arbitration seeking declaratory relief, damages, injunctive relief, and attorneys' fees from Diamicron, Inc. ("Diamicron") as a result of Diamicron's alleged breach of its obligations under a Purchase and Distribution Agreement between the parties dated February 3, 2003 (the "Agreement")[1]. In addition, Exactech asserted claims for unjust enrichment and quantum meruit. Exactech prevailed in its claims and received the Final Award dated January 5, 2009.

Upon consideration, the motion for default judgment (Doc. 6) is GRANTED. The Court hereby incorporates the Final Award[2], in its entirety, as the Final Judgment of this Court, and expressly adopts the "Remedy" therein, as set forth below. Definitions in the Remedy, below, are as used in the Final Award and in the Agreement.

---

[1] The Agreement is attached as Exhibit A to Doc. 1.

[2] The Final Award is attached as Exhibit C to Doc. 1.

## REMEDY

1. Exactech is entitled to declaratory relief as follows:

    A. The Product referenced in the Agreement is the 28 mm size and this size is to be Completed before the Completion of Other THR Bearing Products.

    B. Diamicron has breached the Agreement. Specifically, Diamicron is in breach because it has given priority to Other THR Bearing Products, as defined in Section 1 of the Agreement, over the 28 mm Product and has not acted in good faith.

2. Diamicron is required to Complete[3] the 28 mm Product within the meaning of the last paragraph of Section 2.7.2 of the Agreement.

3. If Diamicron Completes one or more Other THR Bearing Product(s) before it Completes the 28 mm Product:

    A. Exactech will be granted rights to any Other THR Bearing Product(s) which Diamicron completes before it Completes the 28 mm Product;

    B. Such other THR Bearing Product(s) shall be deemed to have been developed by Diamicron using its own resources;

    C. The provisions of Section 2.6.1(a) will not apply to those Other THR Bearing Product(s);

    D. Diamicron is not excused from Completing the 28 mm Product

    E. Exactech shall retain all of the rights to the 28 mm Product as provided by the Agreement; and

    F. The equitable relief granted in this paragraph 3 shall not replace any other remedies which Exactech may have pursuant to the Agreement.

4. Each party should bear its own attorneys' fees and costs from the Arbitration, and the administration fees and expenses of the AAA as well as the fees and expenses of the Panel shall be evenly split between the Parties.

5. All other fees and expenses shall be borne as indicated in the Final Award (Doc. 1, Exhibit C)..

---

[3]The term "Complete" is defined within the Final Award (Doc. 1, Exhibit C).

6.     Diamicron shall reimburse Exactech the sum of $3,375.01, representing the portion of said fees and expenses in excess of the appointed costs and previously incurred by Exactech.

**DONE AND ORDERED** this  *31st* day of March, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge